UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE TRUSTEES OF THE UNITE HERE
NATIONAL HEALTH FUND and THE TRUSTEES
OF THE UNITE HERE NATIONAL RETIREMENT
FUND,

Plaintiffs,

-against-

RUFFOLO BROS., INC.,

Defendant.

**AFFIDAVIT IN SUPPORT
OF APPLICATION FOR AN
ORDER TO SHOW CAUSE
FOR ENTRY OF DEFAULT
JUDGMENT**

**07 Civ. 6967 (RMB)**

STATE OF NEW YORK     )
                          ) ss.
COUNTY OF NEW YORK   )

**MARK SCHWARTZ, ESQ.**, being duly sworn, deposes and says as follows:

1.     I am the attorney for The Trustees of the UNITE HERE National Health Fund and UNITE HERE National Retirement Fund (hereinafter, the "Petitioners"), and am duly admitted to practice before this Honorable Court and am fully familiar with the facts and prior proceedings had herein.

2.     I submit this Affidavit in support of the instant application for an Order to Show Cause for Entry of a Default Judgment.

3.     The movants are the UNITE HERE National Health Fund and UNITE HERE National Retirement Fund (hereinafter, the "Funds") and plaintiffs in the instant action.

4.     This action was commenced on August 3, 2007 by filing of the Complaint which seeks Judgment against the defendant Ruffolo Bros., Inc. to enforce the provisions of a collective bargaining agreement and certain statutory obligations imposed upon defendant by Section 515 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1145. (A copy of the Summons and Complaint is annexed hereto, as **Exhibit A**).

5.     This Court has personal jurisdiction over the defendant in accordance with the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(e)(2) which provides in pertinent parts:

> Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where defendant resides or may be found, and process may be served in any other district where defendant resides or may be found.

Plaintiff's sole place of business is 730 Broadway, New York, New York 10001.  Thus, venue is proper in this Court.

6.    Defendant was served on August 10, 2007 with a copy of the Summons  and Complaint by personal service.  A copy of the Affidavit of Service is annexed hereto as **Exhibit B**.

7.    Defendant has not appeared, answered or otherwise moved with respect to the Summons and Complaint

8.    Defendant has not requested any extensions of time to appear, answer or otherwise move with respect to the Complaint.

9.    Defendant has defaulted in appearance in the within action, which default has been duly noted by the Clerk of the Court as reflected in the Clerk's Certificate of Default issued on September 12, 2007, and annexed to these papers.

10.    Defendant is not an infant or incompetent person or in the military service of the United States.

11.    To date, defendant has not paid any portion of the debt due to the plaintiffs and the debt remains outstanding.

12.    As permitted by ERISA Section 502(g)(2), 29 U.S.C. § 1142(g)(2),The Agreements and Declarations of Trust of plaintiffs Funds provide for interest on delinquent contributions at the rate of one percent (1%) per month or part thereof, and liquidated damages at an amount equal to the greater of interest on the delinquent contributions or twenty percent (20%) of the delinquent contributions.  Copies of the relevant sections of the Agreements and Declarations of Trust are annexed hereto as **Exhibit C.**

13.    Plaintiff Trustees of the UNITE HERE National Health Fund are entitled to Judgment in the principal amount of $14,295.60, plus interest computed at 1% per month or part thereof on the delinquent contributions from the date such contributions became due and owing to the date of judgment in the amount of $1,286.60; liquidated damages at an amount equal to the greater of interest on the delinquent contributions or twenty percent (20%) of the delinquent contributions in the amount of $2,859.12, all totaling  $18,441.32.

14.    Plaintiff Trustees of the UNITE HERE National retirement Fund are entitled to judgment in the principal amount of $4,209.75, plus interest computed at 1% per month or part thereof on the delinquent contributions from the date such contributions became due and owing to the date of judgment in the amount of $378.90; liquidated damages at an amount equal to the greater of interest on the delinquent contributions or twenty percent (20%) of the delinquent contributions in the amount of $841.95, all totaling  $5,430.60.

15.    Plaintiffs are entitled to judgment for costs in the amount of $350 for the filing fee of the instant action, as permitted by ERISA Section 502(g)(2)(D), 29 U.S.C. § 1132(g)(2)(D).

16.    Plaintiffs also are entitled to judgment directing that defendant be restrained and enjoined permanently from becoming or remaining delinquent in its contributions to plaintiffs Health Fund and Retirement Fund, and ordering defendant to make such contributions in accordance with the terms and conditions of the Funds' rules and regulations and the collective bargaining agreement between defendant and the New York Metropolitan Area Joint Board, Local 89-22-1, UNITE HERE, and such other and further relief as may be proper.

17.    No previous application for the relief requested herein has been made.

**WHEREFORE**, the undersigned respectfully requests that the Court grant Judgment on Default, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and Rule 55.2(b) of the Civil Rules of this Court, against defendant Ruffolo Bros., Inc.

Mark Schwartz, Esq. - MS 0148

Sworn to, before me, this
27th day of September 2007.

Notary Public

DAVID SAPP
Notary Public, State of New York
No. 31-4983926
Qualified in New York County
Commission Expires July 8, 20__

**EXHIBIT A**

✎AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

| SOUTHERN | District of | NEW YORK |

In the Matter of
ARBITRATION OF DISPUTES
Between
THE TRUSTEES OF THE UNITE HERE NATIONAL HEALTH FUND
and
THE TRUSTEES OF THE
UNITE HERE NATIONAL RETIREMENT FUND,
Plaintiffs
V.
RUFFOLO BROS., INC.,
Defendant..

## SUMMONS IN A CIVIL ACTION

CASE NUMBER:

## 07 CV 6967

## Judge Berman

TO: (Name and address of Defendant)

Ruffolo Bros., Inc.
530 7th Avenue
New York, New York 10018

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Mark Schwartz, Esq.
Amalgamated Life Insurance Company
730 Broadway, 10th Floor
New York, New York 10003

an answer to the complaint which is served on you with this summons, within _____20_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

**J. MICHAEL McMAHON**                                    AUG 0 3 2007

CLERK                                                                   DATE

(By) DEPUTY CLERK

Judge Berman                              07 CV 6967

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
TRUSTEES OF THE UNITE HERE NATIONAL          :
HEALTH FUND and TRUSTEES OF THE UNITE        :
HERE NATIONAL RETIREMENT FUND,               :
                                             :
                    Plaintiffs,              :          **COMPLAINT**
                                             :
            -against-                        :
                                             :
RUFFOLO BROS., INC.,                         :
                                             :
                    Defendant.               :
--------------------------------------------------------------X

RECEIVED
AUG 0 3 2007
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiffs, by their attorney Mark Schwartz, Esq., complaining of Defendant,

respectfully allege as follows:

## NATURE OF ACTION

1.    This is an action by plan fiduciaries to enforce the provisions of a

collective bargaining agreement and certain statutory obligations imposed upon

Defendant by Section 515 of the Employee Retirement Income Security Act of 1974, as

amended ("ERISA"), 29 U.S.C. § 1145.

## JURISDICTION

2.    The jurisdiction of this Court is invoked pursuant to Section 301(a) of the

Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 185(a)

and Sections 502(a), (e) and (f) of ERISA, 29 U.S.C. § 1132(a), (e) and (f).

## VENUE

3.    Venue is properly laid in this Court pursuant to Section 301(a) of the

LMRA, 29 U.S.C. § 185(a); Section 502(e) (2) of ERISA, 29 U.S.C. § 1132(e) (2);

and 28 U.S.C. § 1391(b).

## **THE PARTIES**

4.    Plaintiff UNITE HERE National Health Fund ("Health Fund") is an "employee welfare benefit plan" as defined in Section 3(1) of ERISA, 29 U.S.C. § 1002(1).  Plaintiff Trustees of the Health Fund are fiduciaries within the meaning of Section 502(a) (3) of ERISA, 29 U.S.C. § 1132(a) (3), as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).  The Health Fund maintains its principal administrative offices at 730 Broadway, New York, New York 10003.

5.    Plaintiff UNITE HERE National Retirement Fund ("Retirement Fund") is an "employee pension benefit plan" as defined in Section 3(2) of ERISA 29 U.S.C. § 1002(2).  Plaintiff Trustees of the Retirement Fund are fiduciaries within the meaning of Section 502(a) (3) of ERISA, 29 U.S.C. § 1132(a) (3), as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).   The Retirement Fund maintains its principal administrative offices at 730 Broadway, New York, New York 10003.

6.    Upon information and belief, Defendant Ruffolo Bros., Inc. is a New York Corporation having or having had its principal place of business at 530 7th Avenue, New York, New York 10018.

7.    New York Metropolitan Area Joint Board, Local 89-22-1, UNITE HERE ("the Union") is an unincorporated "labor organization" as defined in Section 3(4) of ERISA, 29 U.S.C. § 1002(4).  Upon information and belief, the Union and Defendant have been parties to a series of collective bargaining agreements covering all relevant periods herein. Pursuant to said collective bargaining agreements, contributions to Plaintiff Funds were and are due to be paid monthly by Defendant.

### AS AND FOR A FIRST CLAIM FOR RELIEF BY PLAINTIFF TRUSTEES OF THE HEALTH FUND AGAINST DEFENDANT

8.    Plaintiff Trustees of the Health Fund repeat and reallege each and every allegation contained in paragraphs "1" through "7" of this Complaint with the same force and effect as if set forth at length herein.

9.    Contributions to the Health Fund from Defendant for the months of January 2007 through and including May 2007 have not been made and are now due and owing.  By reason thereof, Defendant is liable to Plaintiff Health Fund in the sum of $14,295.60 for the period stated.

10.    No prior application has been made for the relief requested herein.

### AS AND FOR A SECOND CLAIM FOR RELIEF BY PLAINTIFF TRUSTEES OF THE RETIREMENT FUND AGAINST DEFENDANT

11.    Plaintiff Trustees of the Retirement Fund repeat and reallege each and every allegation contained in paragraphs "1" through "7" of this Complaint with the same force and effect as if set forth at length herein.

12.    Contributions to the Retirement Fund from Defendant for the months of January 2007 through and including May 2007 have not been made and are now due and owing.  By reason thereof, Defendant is liable to Plaintiff Retirement Fund in the sum of $4,209.75 for the period stated.

13.    No prior application has been made for the relief requested herein.

### AS AND FOR A THIRD CLAIM FOR RELIEF BY PLAINTIFF TRUSTEES OF THE HEALTH FUND AND PLAINTIFF TRUSTEES OF THE RETIREMENT FUND AGAINST DEFENDANT

14.    Plaintiff Trustees of the Health Fund and Plaintiff Trustees of the

Retirement Fund repeat and reallege each and every allegation contained in paragraphs "1" through "13" of this Complaint with the same force and effect as if set forth at length herein.

15.    Defendant is now failing and, upon information and belief, will continue to fail to make contributions to the Funds in accordance with the terms and conditions of such Funds and the collective bargaining agreement between Defendant and the Union unless restrained by the Court.

16.    No prior application for the relief requested herein.

**WHEREFORE**, Plaintiffs respectfully pray for an order and judgment:

a.    Directing Defendant to pay to the UNITE HERE National Health Fund the sum of $14,295.60;

b.    Directing Defendant to pay to the UNITE HERE National Retirement Fund the sum of $4,209.75;

c.    Directing Defendant to pay to the UNITE HERE National Health Fund and the UNITE HERE National Retirement Fund interest on the sums set forth in paragraphs "(a)" and "(b)" herein, to be computed at an interest rate as prescribed by the Funds, pursuant to Section 502(g)(2)(C)(i) of ERISA, 29 U.S.C. § 1132(g)(2)(C)(i);

d.    Directing Defendant to pay to the UNITE HERE National Health Fund and the UNITE HERE National Retirement Fund liquidated damages, to be computed at a rate as prescribed by the Funds, pursuant to  Section 502(g)(2)(C)(ii) of ERISA, 29 U.S.C. § 1132(g)(2)(C)(ii);

e.    Directing Defendant to pay to the UNITE HERE National Health Fund and the UNITE HERE National Retirement Fund the reasonable attorneys' fees and costs

of the action, pursuant to Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D);

    f.    Directing that Defendant be restrained and enjoined permanently from becoming or remaining delinquent in its contributions to the Funds, and ordering Defendant to make such contributions in accordance with the terms and conditions of the Funds' rules and regulations and the collective bargaining agreement between Defendant and the Union.

    g.  Granting such other legal and equitable relief as the Court deems appropriate.

Dated: New York, New York
       August 1, 2007

                TRUSTEES OF THE UNITE HERE
                NATIONAL HEALTH FUND and THE
                TRUSTEES OF THE UNITE HERE
                NATIONAL RETIREMENT FUND,
                PLAINTIFFS

              By:  _____
                Mark Schwartz, Esq. (MS-0148)
                Attorney for Plaintiffs
                730 Broadway – 10th Floor
                New York, New York 10003
                (212) 539-5275

**EXHIBIT B**

 **Demovsky Lawyer Service**
Premier Nationwide Document Retrieval
and Process Service Company

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
TRUSTEES OF THE UNITE HERE NATIONAL
HEALTH FUND and TRUSTEES FO THE UNITE
HERE NATIONAL RETIREMENT FUND,
        Plaintiff(s),

    -against-
RUFFOLO BROS., INC.,
        Defendant(s).
-----------------------------------------------------------X
STATE OF NEW YORK   )
         S.S.:
COUNTY OF NEW YORK)

JUDGE BERMAN
Index No. 07 CV 6967

AFFIDAVIT OF SERVICE

        OTIS OSBORNE, being duly sworn, deposes and says that he is over the age of eighteen years, is employed by the attorney service, DLS, INC., and is not a party to this action.

        That on the 10th day of August 2007, at approximately 11:39 a.m., deponent served a true copy of the **SUMMONS IN A CIVIL ACTION, COMPLAINT AND JUDGES' RULES** upon Ruffolo Bros., Inc. at 530 7th Avenue, 12th Floor, New York, NY 1018, by personally delivering and leaving the same with Bibi Thompson, Bookkeeper, who informed deponent that she is an agent authorized by appointment to receive service at that address.

        Bibi Thompson is a black female, approximately 49 years of age, stands approximately 5 feet 8 inches tall, and weighs approximately 155 pounds with red hair and brown eyes.

OTIS OSBORNE #870139

Sworn to before me this
14th day of August, 2007

NOTARY PUBLIC

D.L.S., Inc.
401 Broadway
Ste 510
NY, NY 10013
212-925-1220
www.dlsny.com

JONATHAN T. RIPPS
Notary Public, State of New York
NO. 01RI6109718
Qualified in Rockland County
Certificate Filed in New York County
Commission Expires May 17, 20___

**EXHIBIT C**

AGREEMENT AND DECLARATION OF TRUST
UNITE HERE NATIONAL RETIREMENT FUND

Amended and Restated Effective as of December 31, 2006

modifications thereof, established for the payment by the Trustees of benefits from the Fund in accordance with such rules and regulations relating to eligibility requirements, amount, and computation of benefits, and the general administration and operation of the Fund as the Trustees may from time to time adopt and promulgate.

**Section 12.** The term "Trustees" shall mean the members of the Board of Trustees of the UNITE HERE National Retirement Fund and any successor Trustees designated and appointed as provided in this Agreement and Declaration of Trust. The Board of Trustees shall be deemed to be the Plan Administrator as that term is defined by ERISA.

**Section 13.** The term "Union" shall mean UNITE HERE, which was formed by the merger of UNITE and HERE on July 8, 2004, and/or its affiliates and predecessors, as applicable.

## ARTICLE II – NAME

This Fund shall be known as the UNITE HERE National Retirement Fund.

## ARTICLE III – PURPOSE

**Section 1.** The Fund shall comprise the entire assets derived from Contributions together with all investments made and held by the Trustees, including monies received by the Trustees as Contributions, withdrawal liability, or as income or earnings from investments made by the Trustees or otherwise, and any other funds or property, received and/or held by the Trustees for the uses and purposes set forth in this Agreement.

**Section 2.** Title to all monies paid into and/or due and owing to the Fund shall be vested in and remain exclusively in the Trustees in their capacity as Trustees. Contributions made or required to be made pursuant to a Participation Agreement or collective bargaining agreement or otherwise shall be deemed Fund assets whether or not they are collected.

## ARTICLE IV – CONTRIBUTION OBLIGATIONS OF AN EMPLOYER

A.    CONTRIBUTION OBLIGATIONS OF AN EMPLOYER

**Section 1.** An Employer under this Trust Agreement is obligated to make Contributions to the Fund when due, as required by a Participation Agreement, collective bargaining agreement, or applicable law.

**Section 2.** An Employer is deemed to have accepted and become bound by this Agreement and Declaration of Trust and any subsequent amendments thereto by contributing to or having an obligation to contribute to the Fund.

**Section 3.** An Employer is obligated to furnish to the Trustees or their designee information and/or reports, in such form and manner as required by the Trustees, which may include the names of the employees, their Social Security numbers, the hours worked by each employee (including employees not covered by the Fund's plan of benefits as the Trustees

may reasonably require), paid hours, unpaid hours, vacation, sick leave and such other information as the Trustees may require in connection with the administration of the Fund.

Section 4.    An Employer is obligated to make available to the Trustees, the Fund's counsel, auditors, or designee for inspection and copying at reasonable times on the premises of the Employer, its payroll and/or other records whenever the Trustees consider such an examination to be reasonably necessary or appropriate.

Section 5.    If the Trustees or Administrator deem(s) it necessary or appropriate to audit an Employer's Contributions to the Fund, upon request, such Employer is obligated to furnish to the Fund or its designee (the "Auditor") its payroll and other personnel and financial records with respect to present or former employees of the Employer which are necessary for the Auditor to determine the accuracy and completeness of the Contributions remitted to and the reports filed with the Fund by the Employer.

Section 6.    No Employer shall be entitled to, or may require, the return of any part of the Fund or any part of its Contributions or other payments except that:    (a) a Contribution that is made by an Employer by a mistake of fact or law may, if the Trustees conclude that the facts and circumstances so warrant, be credited to the Employer (except as otherwise determined by the Trustees) by the Trustees within six (6) months after the Trustees, in their sole discretion, determine that the Contribution was made by mistake; and (b) a Contribution conditioned upon the deductibility of the Contribution under the Code may be credited to an Employer by the Trustees, at the discretion of the Trustees, within one (1) year after a disallowance of the deduction.

B.    DEFAULT BY AN EMPLOYER

Section 1.    The Trustees shall from time to time adopt a collection policy that shall provide that an Employer who does not make Contributions within a certain time frame shall be deemed in default of its obligations under the Trust Agreement.  If an Employer defaults on its obligations to make Contributions to the Fund, the Trustees or the Administrator may commence against the Employer, or any other individual or entity that may be liable to the Fund for the Contributions, an action in court or an arbitration.  The Employer (or other individual or entity) shall be liable to the Fund for all costs incurred by the Fund in collecting such delinquent amounts, including arbitration fees, interest, auditors' fees, attorneys' fees and costs, court costs (including filing fees and service of process costs), incurred by the Fund in the collection of the Employer's Contributions or other payments.  The Employer (or other individual or entity) shall also be liable to the Fund for: interest at the rate of one percent (1%) per month or part thereof (or at such other rate as the Trustees may from time to time determine), and liquidated damages at an amount equal to the greater of interest on the delinquent Contributions or twenty percent (20%) of the delinquent Contributions.

Section 2.    In the event that an Employer fails: to provide adequate reports or records; to provide adequate information when the Trustees or the Administrator request such information pursuant to the Retirement Plan, this Agreement, or the applicable law; or to permit audits by the Fund, the Trustees or Administrator may a commence legal action in court or an

10301590.1                                        4

arbitration against the Employer or any other individual or entity that may be liable to the Fund. If the Employer is deemed to have violated its obligations under this Agreement and Declaration of Trust, the Employer shall pay the costs of the action or arbitration, including arbitration fees, attorneys' fees and costs, and court costs (including filing fees and service of process costs).

Section 3.    Nonpayment by an Employer of any Contribution or other monies owed to the Fund shall not relieve any other Employer from its obligations to make required payments to the Fund.

Section 4.    The Trustees may require any Employer who, in the opinion of the Trustees, demonstrates a habitual pattern of delinquency of payments of Contributions to the Fund to remit to the Fund an advance deposit, obtain a letter of credit, provide payment into an escrow account, and/or provide appropriate security as the Trustees may require for up to three (3) months of Contributions.

## ARTICLE V – TRUSTEE OFFICES, MEETINGS, AND DESIGNATION

### A.    SELECTION OF TRUSTEES

Section 1.    Subject to vacancies, there shall be twenty-four (24) Trustees, twelve (12) of whom shall be designated by the Union (the "Union Trustees") and twelve (12) of whom shall be designated by the Employers (the "Employer Trustees").

Section 2.    Each of the aforesaid Union Trustees and each of their successors shall serve as a Trustee hereunder only if he or she is an officer or employee of the Union or of an affiliate of the Union. Each Employer Trustee and each of their successors shall serve as an Employer Trustee hereunder only if he or she, or the firm or corporation of which he or she is a member, officer, director or employee, or the members of the Employer's association of which he or she is a representative, is a party to a collective bargaining agreement with the Union which provides for the making of Contributions to the Fund.

Section 3.    The Trustees shall use reasonable efforts to have twelve (12) Union Trustees and six (6) Employer Trustees. To the extent that there is an unequal number of Union Trustees and Employer Trustees at any one time, the Union Trustees as a whole and the Employer Trustees as a whole shall have equal representation by having an equal number of votes.

Section 4.    Each and every successor Trustee shall, upon the acceptance in writing of the position of Trustee filed in the office of the Fund and the terms of this Agreement, be vested with all the rights, powers, and duties of his or her predecessor, except that he or she shall not automatically assume the office of Chairperson or Secretary if the predecessor held one of these offices.

Section 5.    The Trustees accept their appointment as Trustees and consent to act as Trustees, and agree that they will receive and hold all Contributions and any other money or property or contract which may come into their custody or under their control as Trustees,

AGREEMENT AND DECLARATION OF TRUST
UNITE HERE NATIONAL HEALTH FUND

Amended and Restated Effective as of December 31, 2006

10301591.1

Section 1.11    The term "Plan Sponsor" shall mean the Trustees of the Fund.

Section 1.12    The term "Trustees" shall mean the members of the Board of Trustees of the UNITE HERE National Health Fund and any successor Trustees designated and appointed as provided in this Agreement and Declaration of Trust. The Board of Trustees shall be deemed to be the Plan Administrator as that term is defined by ERISA.

Section 1.13    The term "Union" shall mean UNITE HERE, which was formed by the merger of UNITE and HERE on July 8, 2004, and/or its affiliates and predecessors, as applicable.

## ARTICLE II – NAME

This Fund shall be known as the UNITE HERE National Health Fund.

## ARTICLE III - PURPOSE

Section 3.01    The Fund shall comprise the entire assets derived from Contributions together with all investments made and held by the Trustees, including monies received by the Trustees as Contributions or as income or earnings from investments made by the Trustees or otherwise, and any other funds or property, received and/or held by the Trustees for the uses and purposes set forth in this Agreement.

Section 3.02    Title to all monies paid into and/or due and owing to the Fund shall be vested in and remain exclusively in the Trustees in their capacity as Trustees. Contributions made or required to be made pursuant to a Participation Agreement or collective bargaining agreement or otherwise shall be deemed Fund assets whether or not they are collected.

## ARTICLE IV – CONTRIBUTION OBLIGATIONS OF AN EMPLOYER

Section 4.01    An Employer under this Trust Agreement is obligated to make Contributions to the Fund when due, as required by Participation Agreement, collective bargaining agreement or applicable law.

Section 4.02    Notwithstanding anything herein to the contrary, an Employer may continue to make Contributions to the Fund, and such Employer's employees may continue to be Participants in the Fund, in the event the employees of such Employer become represented by a union other than the Union but where such collective bargaining agreement with the new union requires that contributions be made to this Fund; provided, however, that such arrangement must be approved by the Chairman of the Board of Trustees before it becomes effective.

Section 4.03    An Employer is deemed to have accepted and become bound by this Agreement and Declaration of Trust and any subsequent amendments thereto by contributing to or having an obligation to contribute to the Fund.

Section 4.04    An Employer is obligated to furnish to the Trustees or their designee information and/or reports, in such form and manner as required by the Trustees, which may include the names of the employees, their Social Security numbers, the hours worked by each employee (including employees not covered by the Fund's plan of benefits as the Trustees may reasonably require), paid hours, unpaid hours, vacation, sick leave and such other information as the Trustees may require in connection with the administration of the Fund.

Section 4.05    An Employer is obligated to make available to the Trustees, the Fund's counsel, auditors, or designee for inspection and copying at reasonable times on the premises of the Employer, its payroll and/or other records whenever the Trustees consider such an examination to be reasonably necessary or appropriate.

Section 4.06    If the Trustees or Administrator deem(s) it necessary or appropriate to audit an Employer's Contributions to the Fund, upon request, such Employer is obligated to furnish to the Fund or its designee (the "Auditor") its payroll and other personnel and financial records with respect to present or former employees of the Employer which are necessary for the Auditor to determine the accuracy and completeness of the Contributions remitted to and the reports filed with the Fund by the Employer.

Section 4.07    No Employer shall be entitled to, or may require, the return of any part of the Fund or any part of its Contributions or other payments except that: (a) a Contribution that is made by an Employer by a mistake of fact or law may, if the Trustees conclude that the facts and circumstances so warrant, be credited to the Employer (except as otherwise determined by the Trustees) by the Trustees within six (6) months after the Trustees, in their sole discretion, determine that the Contribution was made by mistake; and (b) a Contribution conditioned upon the deductibility of the Contribution under the Code may be credited to an Employer by the Trustees, at the discretion of the Trustees, within one (1) year after a disallowance of the deduction.

## ARTICLE V – DEFAULT BY AN EMPLOYER

Section 5.01    The Trustees shall from time to time adopt a collection policy that shall provide that an Employer who does not make Contributions within a certain time frame shall be deemed in default of its obligations under the Trust Agreement. If an Employer defaults on its obligations to make Contributions to the Fund, the Trustees or the Administrator may commence against the Employer, or any other individual or entity that may be liable to the Fund for the Contributions, an action in court or an arbitration. The Employer (or other individual or entity) shall be liable to the Fund for all costs incurred by the Fund in collecting such delinquent amounts, including arbitration fees, interest, auditors' fees, attorneys' fees and costs, court costs (including filing fees and service of process costs), incurred by the Fund in the collection of the Employer's Contributions or other payments. The Employer (or other individual or entity) shall also be liable to the Fund for:  interest at the rate of one percent (1%) per month or part thereof or at such other rate as the Trustees may from time to time determine, and liquidated damages at an amount equal to the greater of interest on the delinquent Contributions or twenty percent (20%) of the delinquent Contributions.

Section 5.02      In the event that an Employer fails to provide adequate reports or records, to provide adequate information when the Trustees or the Administrator request such information pursuant to the Health Plan, this Agreement, or the applicable law, or to permit audits by the Fund, the Trustees or Administrator may commence legal action in court or an arbitration against the Employer or any other individual or entity that may be liable to the Fund. If the Employer is deemed to have violated its obligations under this Agreement and Declaration of Trust, the Employer shall pay the costs of the action or arbitration, including arbitration fees, attorneys' fees and costs, and court costs (including filing fees and service of process costs).

Section 5.03      Nonpayment by an Employer of any Contribution or other monies owed to the Fund shall not relieve any other Employer from its obligations to make required payments to the Fund.

Section 5.04      The Trustees may require any Employer who, in the opinion of the Trustees, demonstrates a habitual pattern of delinquency of payments of Contributions to the Fund, to remit to the Fund an advance deposit, obtain a letter of credit, provide payment into an escrow account, and/or provide appropriate security as the Trustees may require for up to three (3) months of Contributions.

## ARTICLE VI – TRUSTEE OFFICES, MEETINGS AND DESIGNATION

### SELECTION OF TRUSTEES

Section 6.01      Subject to vacancies, there shall be thirty-two (32) Trustees, sixteen (16) of whom shall be designated by the Union (the "Union Trustees") and sixteen (16) of whom shall be designated by the Employers (the "Employer Trustees").

Section 6.02      Each of the aforesaid Union Trustees and each of their successors shall serve as a Trustee hereunder only if he or she is an officer or employee of the Union or of an affiliate of the Union. Each Employer Trustee and each of their successors shall serve as an Employer Trustee hereunder only if he or she, or the firm or corporation of which he or she is a member, officer, director or employee, or the members of the Employer's association of which he or she is a representative, is a party to a collective bargaining agreement with the Union which provides for the making of Contributions to the Fund.

Section 6.03      The Trustees shall use reasonable efforts to have sixteen (16) Union Trustees and sixteen (16) Employer Trustees. To the extent that there is an unequal number of Union Trustees and Employer Trustees at any one time, the Employer Trustees as a whole and the Union Trustees as a whole shall have equal representation by having an equal number of votes.

Section 6.04      Each and every successor Trustee shall, upon the acceptance in writing of the position of Trustee filed in the office of the Fund and the terms of this Agreement, be vested with all the rights, powers and duties of his or her predecessor, except that he or she shall not automatically assume the office of Chairperson or Secretary if the predecessor held one of these offices.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| THE TRUSTEES OF THE UNITE HERE NATIONAL HEALTH FUND and THE TRUSTEES OF THE UNITE HERE NATIONAL RETIREMENT FUND,<br><br>                        Plaintiffs,<br><br>            -against-<br><br>RUFFOLO BROS., INC.,<br>                        Defendant. | **AFFIDAVIT IN SUPPORT OF AWARD OF COSTS**<br><br><br>**07 Civ. 6967 (RMB)** |

STATE OF NEW YORK    )
                         ) ss.
COUNTY OF NEW YORK  )

     **MARK SCHWARTZ, ESQ.**, being duly sworn, deposes and says as follows:

     1.    I am the attorney for the Trustees of the UNITE HERE National Health Fund and UNITE HERE National Retirement Fund (hereinafter, the "plaintiffs"), and am duly admitted to practice before this Honorable Court and am fully familiar with the facts and prior proceedings had herein.

     2.    I submit this Affidavit in support of the instant application for an Order to Show Cause for Entry of Default Judgment and an award of costs.

     3.    ERISA Section 502(g)(2)(D), 29 U.S.C. § 1132(g)(2)(D) mandates the award of costs in actions collect delinquent contributions pursuant to ERISA Section 515, 29 U.S.C. §1145.

     4.    The instant action is an action to collect delinquent contributions pursuant to ERISA Section 515, 29 U.S.C. §1145.  As such, plaintiffs are permitted an award of their costs pursuant to  ERISA Section 502(g)(2)(D), 29 U.S.C. § 1132(g)(2)(D).

     5.    Plaintiffs incurred costs of $350.00 for the Clerk's filing fee, which should be awarded as part of the Judgment in the instant action.

**WHEREFORE**, plaintiffs respectfully request that this Court award costs of $350.00 to plaintiffs.

_____
Mark Schwartz, Esq. - MS 0148

Sworn to, before me, this
27th day of September 2007

_____
Notary Public

DAVID SAPP
Notary Public, State of New York
No. 31-4983926
Qualified in New York County
Commission Expires July 8, 20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE TRUSTEES OF THE UNITE HERE
NATIONAL HEALTH FUND and THE TRUSTEES
OF THE UNITE HERE NATIONAL RETIREMENT
FUND,

                              Plaintiffs,

                -against-

RUFFOLO BROS., INC.,
                              Defendant.

**STATEMENT OF DAMAGES**

**07 Civ. 6967 (RMB)**

**UNITE HERE NATIONAL HEALTH FUND**

Delinquent Contributions Owing for January 2007 – May 2007                     $ 14,295.60

Interest of 1% per month on the Contributions from
January 2007 – October 2007                                                    $  1,286.60

Liquidated Damages of 20% of Delinquent Contributions                         $  2,859.12

**TOTAL DUE  UNITE HERE NATIONAL HEALTH FUND**                                 **$ 18,441.32**


**UNITE HERE NATIONAL RETIRMENT FUND**

Delinquent Contributions Owing for January 2007 – May 2007                     $  4,209.75

Interest of 1% per month on the Contributions from
January 2007 – October 2007                                                    $    378.90

Liquidated Damages of 20% of Delinquent Contributions                         $    841.95

**TOTAL DUE  UNITE HERE NATIONAL RETIREMENT FUND**                             **$ 5,430.60**

Costs Due to Plaintiffs                                                         $    350.00


**TOTAL DUE TO PLAINTIFFS**                                                     **$ 24,221.92**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE TRUSTEES OF THE UNITE HERE
NATIONAL HEALTH FUND and THE TRUSTEES
OF THE UNITE HERE NATIONAL RETIREMENT
FUND,

Plaintiffs,

-against-

RUFFOLO BROS., INC.,

Defendant.

**DEFAULT JUDGMENT**

**07 Civ. 6967 (RMB)**

This action having been commenced on August 3, 2007 by the filing of a

Complaint, and copies of the Summons and Complaint having been served upon

defendant Ruffolo Bros., Inc., a New York corporation, by personal service upon Bibi

Thompson, an agent authorized by appointment to receive service, on August 10, 2007,

and proof of such service having been filed with the Court on August 15, 2007, and

defendant not having appeared, answered or moved with respect to the Complaint, and

the time for appearing, answering or moving having expired,

**NOW, THEREFORE**, upon the application of Mark Schwartz, Esq., attorney for

plaintiffs, it is

**ORDERED, ADJUDGED AND DECREED** that plaintiff Trustees of the UNITE

HERE National Health Fund have judgment against defendant Ruffolo Bros., Inc. for delinquent

contributions for the period of January 2007 through and including May 2007 in the principal

amount of $14,295.60, plus interest at one percent (1%) per month or part thereof for the period

January 2007 through October 2007 in the amount of $1,286.60 , liquidated damages of twenty

percent (20%) of the delinquent contributions in the amount of $2,859.12, all totaling $18,441.32

as of October 1, 2007; and it is further

**ORDERED, ADJUDGED AND DECREED** that plaintiff Trustees of the UNITE

HERE National Retirement Fund have judgment against defendant Ruffolo Bros., Inc. for

delinquent contributions for the period of January 2007 through and including May 2007 in the principal amount of $4,209.75, plus interest thereon at one percent (1%) per month or part thereof in the amount of $378.90, liquidated damages of twenty percent (20%) of the delinquent contributions in the amount of $841.95 , all totaling $5,430.60 as of October 1, 2007; and it is further

**ORDERED, ADJUDGED AND DECREED** that plaintiff Trustees of the UNITE HERE National Health Fund and plaintiff Trustees of the UNITE HERE National Retirement Fund have judgment against defendant Ruffolo Bros., Inc. for costs of the instant action in the amount of $350.00; and it is further

**ORDERED, ADJUDGED AND DECREED** that defendant Ruffolo Bros., Inc. is restrained and enjoined permanently from becoming or remaining delinquent in its contributions to plaintiff Trustees of the UNITE HERE National Health Fund and plaintiff Trustees of the UNITE HERE National Retirement Fund , and ordering defendant to make such contributions in accordance with the terms and conditions of the Funds' rules and regulations and the collective bargaining agreement between defendant and the New York Metropolitan Area Joint Board, Local 89-22-1, UNITE HERE, and such other and further relief as may be proper; and it is further

**ORDERED, ADJUDGED AND DECREED** that interest continue to accrue at the legal rate from the date that judgment is entered until the judgment is paid.

Dated: _____, 2007
       New York, New York

_____
       United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE TRUSTEES OF THE
UNITE HERE NATIONAL HEALTH FUND and
THE TRUSTEES OF THE
UNITE HERE NATIONAL RETIREMENT FUND,
Plaintiffs,

and

RUFFOLO BROS., INC.,
Defendant.

**CLERK'S CERTIFICATE**
**07 Civ. 6967 (RMB)**

I, J. Michael McMahon, Clerk of the United States District Court for the Southern District of New York, do hereby certify that the docket entries in the above-entitled action reflect that the Summons and Complaint herein was filed and the Summons issued on August 3, 2007, and that Ruffolo Bros., Inc (hereinafter, the "Defendant"), was served by personal service upon Ms. Bibi Thompson, Bookkeeper, an agent authorized by appointment to receive service for Defendant, on August 10, 2007, and that proof of such Service of the Summons and Complaint was filed on August 15, 2007.

I further certify that the docket entries reflect that the Defendant has not filed an answer to the Complaint and that the time to answer or otherwise move has expired.

Dated: 9/12/07
New York, New York

_J. Michael McMahon_
Clerk of Court

By _____
Dep Clerk